UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONNA MARIE WEBBER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   10-2072** |
| **USA TRUCK, INC., ET AL.** | **SECTION: "S" (4)** |

**ORDER**

Before the Court is a **Plaintiffs, Donna Marie Webber, Wife of Bernard Banks' Motion to Compel 30(b)(6) Deposition of Defendant USA Truck, Inc. and Deposition of Defendant Everett Lemarr (R. Doc. 16)** filed by the Plaintiffs, Donna Marie Webber, the wife of Bernard Banks, and Bernard Banks seeking an Order compelling the Defendant, USA Truck, Inc. to show cause for why the 30(b)(6) deposition of the Defendant and the deposition of Defendant Lemarr cannot be held on June 14, 2011, and June 15 2011, in Fort Smith, Arkansas.  The Plaintiffs also seek attorneys fees.  On May 17, 2011, USA Truck, Inc. filed a response in opposition.  (R. Doc. 17). This motion is set to be heard with oral argument on **Wednesday, May 25, 2011**.

**I.     Background**

This diversity action was removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to this Court on July 23, 2010.  (R. Doc. 1.)  On April 7, 2010, Donna Marie Webber was operating her 2003 Chrysler PT Cruiser automobile on Chef Menteur Highway in New Orleans, Louisiana.  She was operating the vehicle in a westward direction in the left hand lane when a 2007 International 18 wheeler, owned by Defendant USA Truck and operated by Defendant Lemarr, attempted to make a U-Turn at the intersection of Ray Avenue and Chef Menteur Highway.

(R. Doc. 1, ¶ 6.) The 18 wheeler and the Plaintiff's PT Cruiser collided.

As a result, Donna Webber suffered injuries including a fractured left ankle, leg and/or foot and numerous contusions and abrasions. Her injuries necessitated surgery. (R. Doc. 1, ¶ 8.) Her husband, Plaintiff Bernard Banks, contends that he has sustained damages in the form of loss of consortium, loss of services, and loss of society. (R. Doc. 1, ¶ 10.)

The Plaintiffs contend that the vehicle collision was the proximate cause of negligence on behalf of USA Truck and Lemarr. (R. Doc. 1, ¶ 7.) As a result, the Plaintiffs filed this action against USA Truck, Lemarr, and USA Truck's insurance company, Progressive Security Insurance Company, seeking $50,000 in damages.

As to the instant motion, on December 22, 2010, counsel for the Plaintiffs served a notice of deposition on USA Truck which sought the corporate deposition of USA Trucks, Inc. and the individual depositions of Dan Waller, John Horn, Scott Loveday, Scott Rotert, and Everett Lemarr. (R. Doc. 16-1 p. 1, Exh. A.) The Rule 30(b)(6) corporate deposition of USA Trucks, Inc. was scheduled for March 1, 2011. Everett Lamar's deposition was scheduled for March 2, 2011. Both depositions were to take place in Fort Smith, Arkansas. On February 17, 2011, Plaintiff's counsel forwarded a payment of $285.65 for Lemarr's expenses related to the deposition. (R. Doc. 16-2, Exh. B.)

On the same date, Plaintiff's counsel's assistant, Donna Cabral was informed by C. Michael Parks, an attorney with Perrier Lacoste, that the Defendant's counsel, Michael Gautier, was leaving his firm effective Friday, February 18, 2011. As such, the depositions scheduled for March 1, and 2 would need to be rescheduled. It was Park's understanding that Cabral voiced no objection to continuing the hearing and agreed to continue the depositions. (R. Doc. 16-3, p. 1.) On February

2

22, 2011, Ms. Cabral sent a letter to Mr. Parks indicating that Plaintiff's counsel intended on proceeding with the depositions set for March 1 and 2, 2011.  On February 22, 2011, Defendant's counsel sent a letter to Defendant's counsel indicating that it was his understanding that Cabral had agreed to continue the depositions.  On February 23, 2011, Cabral sent Defendant's counsel a letter indicating that she had not agreed to continue the depositions because Cline was out of town.  When he returned, Cline objected to resetting the depositions.  (R. Doc. 17-3, p. 1.)

On February 28, 2011, the Plaintiff's counsel forwarded new dates for the deposition to the Defendant's new counsel, Ralph Breaux.  Plaintiff indicated that he would be available on June 13, 14, and 15, 2011, for depositions.  Plaintiff contends that to date, it has not received any dates from the Defendant's counsel to conduct these depositions.  As such, the Plaintiffs seek an Order compelling the corporate deposition of USA Truck and the deposition of Lamarr to occur on June 14, and 15, 2011.  USA Truck opposes the motion.

## II.    Standard of Review

Under Federal Rule of Civil Procedure 26(d),"[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed.R.Civ.P. 26(d).  The principal effect of Rule 26(d) is "to eliminate any fixed priority in the sequence of discovery." Advisory Committee's Note to Fed.R.Civ.P. 26(d), 1970 Amendments.  A court has discretion to vary the usual priority, however, such relief is granted "only for 'the most obviously compelling reasons.'" Advisory Committee's Notes to Fed.R.Civ.P. 26(d), 1970 Amendments (quoting 2A Barron & Holtzoff, *Federal Practice and Procedure* 44-47 (Wright ed. 1961)).

### III.    Analysis

The Plaintiffs contend that the Defendant has failed to provide any dates for the depositions of Lamarr and USA Truck.  The Plaintiffs therefore seek that the Defendant first show good cause as to why the depositions should not be held on June 14, and 15, 2011, and further seek an Order requiring the Defendant to participate in the depositions on that day.

The Defendant, on the other hand, contends that it has provided numerous dates for the Plaintiffs to conduct the Rule 30(b)(6) deposition of USA Truck, Inc. and the deposition of Everett Lemarr.  However, all of these dates have been rejected by the Defendants.  Defendant contends that it is unable to participate in the depositions on June 14 and 15 because he is already scheduled for conduct corporate depositions in another case, *Derrick Houston Individually and as Legal Tutor of Kaiden Houston, a Minor, and Adreonne Houston* which is pending in the 24th Judicial District Court, Civil Matter No. 686758, Division "C".  These depositions were scheduled prior to this Motion to Compel and require the corporate representatives to travel to New Orleans from out of the State.

Because Defendant's counsel is unavailable on the proposed dates, it suggested two weeks in July commencing on July 11, 2011.  Plaintiff's counsel indicated that he had a conflict on all of these dates and suggested July 25-27, 2011.  However Defendant's counsel has a conflict on this date because he is scheduled to be out of town on those dates.

Defendants agree that the depositions of these witnesses should be allowed to proceed forward.  However, a mutually agreeable date and time should be reached by the parties.  To date, no agreement has been reached by the parties.

At the hearing, the parties came to a mutual agreement as to the depositions of the corporate

Defendants. The parties agreed that the corporate Defendants would be deposed on June 20, 21, and 22, 2011. The parties were unable to make contact with Everrett Lamar, but agreed to come to a mutual agreement as to his deposition date.

During the hearing, the parties advised the Court that they were also having difficulty in regards to the Plaintiff obtaining an inspection of the subject vehicle.[1] However, the parties were able to come to a mutual agreement in which the Defendant would permit the Plaintiff to inspect the tractor trailer on June 13, 2011, at their Memphis hub. The Defendants also agreed to alternatively make the vehicle available on June 16 and 17, 2011.

Finally, the Plaintiff advised the Court that they wanted to depose the Defendant's Safety Director at the time of the accident, Dan Waller. Dan Waller was previously designated by the Defendants as their corporate representative, but had since been replaced by Dan Smith. The Defendants informed the Court that Dan Waller is no longer employed by the Defendant and is therefore no longer under their control. However, Dan Waller is currently listed as one of the Defendant's witnesses and the determination has not yet been made whether to remove him from the witness list. The Plaintiff indicated that notwithstanding Waller's designation as a witness in the above captioned matter, he still intends to depose Waller as a fact witness. The Defendant noted that although Waller is no longer under the control of the Defendant, they would provide the Plaintiff with Waller's last known address and contact information.

---

[1] The Court notes that the issue concerning the inspection of the tractor trailer did not arise until the hearing. Therefore, it was not part of the subject motion.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the **Plaintiffs, Donna Marie Webber, Wife of Bernard Banks' Motion to Compel 30(b)(6) Deposition of Defendant USA Truck, Inc. and Deposition of Defendant Everett Lemarr (R. Doc. 16)** is hereby **GRANTED IN PART AND DENIED IN PART**:

- **IT IS GRANTED** insofar as the Court orders that the Rule 30(b)(6) depositions of the Defendant shall be held on **June 20, 21, and 22, 2011.**

- **IT IS GRANTED** insofar as the Court finds that the Defendant shall continue to make all efforts to make Lamar Everett available for deposition and the parties shall continue their efforts to secure a mutually agreeable date for said deposition.

- The Plaintiff's request for attorney's fees is **DENIED.**

]
**IT IS FURTHER ORDERED** that the parties shall inform the Court as to the status of securing the depositions of Everett Lamar and Dan Waller **no later than seven (7) days** from the signing of this Order.

**IT IS FURTHER ORDERED** that, as per the agreement of the parties, the Defendants shall make the tractor trailer which is the subject of the above captioned matter available to the Plaintiffs for inspection on **June 13, 2011, in Memphis Tennessee**. Alternatively, the Defendants shall make the tractor trailer which is the subject of the above captioned matter available to the Plaintiffs for inspection on **June 16 or June 17, 2011**.

New Orleans, Louisiana, this 7th day of June 2011

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**