UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONNA MARIE WEBBER, WIFE OF/AND BERNARD BANKS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-2072** |
| **USA TRUCK, INC., ET AL.** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Remand filed by plaintiffs Donna Marie Webber, wife of/and Bernard Banks (Doc. #48) is **GRANTED,** and the matter is **REMANDED** to the Civil District Court, Parish of Orleans, State of Louisiana.

### BACKGROUND

On April 7, 2010, Donna Maria Webber ("Webber") was injured in a motor vehicle accident when her vehicle collided with a tractor-trailer truck owned by USA Truck, Inc. ("USA Truck"), and operated by Everett Lemarr ("Lemarr"). Webber was driving in the left-hand westbound lane on Chef Menteur Highway in New Orleans, Louisiana, when Lemarr attempted to make a U-turn from the middle lane, and the vehicles collided.

On July 15, 2010, Webber and her husband, Bernard Banks, who are Louisiana citizens, filed suit in the Civil District Court, Parish of Orleans, State of Louisiana against USA Truck, a citizen of Delaware and Arkansas; Lemarr, a Missouri citizen; and Progressive Insurance Company ("Progressive"), a citizen of Louisiana and Ohio, seeking damages for the injuries Webber sustained in the April 7, 2010, accident. On July 23, 2010, the defendants removed the action to the United

States District Court for the Eastern District of Louisiana alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332.  The defendants alleged that the amount in controversy exceeded $75,000, and that there was complete diversity between plaintiffs and defendants because Progressive was improperly joined. On March 22, 2011, and after removal, plaintiffs' claims against Progressive were dismissed.

On June 21, 2011, plaintiffs deposed Lemarr.  Lemarr testified that he was attempting to make a U-turn at the time of the accident because he had missed the turn he needed to make.  He testified that the street onto which he was supposed to turn was small, and the street signs were hidden by branches.

On July 22, 2011, plaintiffs moved for leave to file their first amended complaint seeking, in pertinent part, to add the State of Louisiana, through the Louisiana Department of Transportation and Development (the "State"), and the City of New Orleans, Louisiana, through the Department of Parks and Parkways (the "City"), as defendants, alleging that their negligence in failing to properly maintain the street signs and surrounding vegetation was a proximate cause of the April 7, 2010, accident.  Defendants did not object to the motion, and moved for leave to file their first amend answer, which included allegations of the contributory negligence of the State and the City regarding their failure to maintain the street signs and surrounding vegetation as an affirmative defense. On July 25, 2011, the court granted leave to plaintiffs to file their first amended complaint and to defendants to file their first amended answer.

On August 11, 2011, plaintiffs filed a motion to remand, arguing that the addition of the State and the City as defendants destroyed diversity subject matter jurisdiction.

**ANALYSIS**

**A.    Legal Standard**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  <u>Jernigan v. Ashland Oil, Inc.</u>, 989 F.2d 812, 815 (5th Cir.), <u>cert. denied</u>, 114 S.Ct. 192 (1993).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. <u>See</u> <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir.2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. <u>Acuna v. Brown & Root,</u> 200 F.3d 335, 339 (5th Cir. 2000).

**B.    Subject Matter Jurisdiction**

Pursuant to 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over matters in which there is complete diversity between the plaintiffs and the defendants, and the amount in controversy exceeds $75,000.  When this case was removed, the court had diversity subject matter jurisdiction because Progressive was not properly joined, which was later acknowledged by plaintiffs when they voluntarily dismissed their claims against Progressive.

Under 28 U.S.C. § 1447(e): "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." Because § 1447(e) give the court two options,

i.e. deny joinder or permit joinder and remand, it indicates that the court must remand the action to state court if it permits joinder of a non-diverse defendant. <u>Cobb v. Delta Exports, Inc.</u>, 186 F.3d 675, 677 (5th Cir. 1999); <u>see</u> <u>also</u> <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1176 (5th Cir. 1987) (holding post-removal joinder of a non-diverse, dispensable party destroys diversity jurisdiction). Thus, the fraudulent joinder doctrine which permits the court to ignore the non-diverse parties on the record at the time of removal for jurisdictional purposes, does not apply to joinder that occurs after the action is removed. <u>Id.</u> "Indeed, once it permit[s] joinder of the non-diverse defendants, the court [loses] subject matter jurisdiction and thus [has] no power even to consider whether fraudulent joinder applied." <u>Id.</u> at 678. Further, the defendant can seek to prevent the post-removal joinder of a non-diverse party by arguing that the plaintiff does not have a claim against the non-diverse party at the time the court considers the joinder.[1] <u>Id.</u>

Therefore, when the court granted plaintiffs leave to file their first amended complaint that added the non-diverse parties of the State and the City as defendants, complete diversity between the plaintiffs and the defendants was destroyed, and the court lost subject matter jurisdiction over this matter. Thus, plaintiffs' motion to remand is GRANTED, and this matter is REMANDED to the Civil District Court, Parish of Orleans, State of Louisiana.

---

[1] Defendants argue that the court should reconsider its order granting plaintiffs leave to file their first amended complaint. Defendants have not filed a motion to reconsider, nor does the court have jurisdiction to hear such a motion. Further, defendants argue that they could not oppose plaintiffs' motion for leave to file their first amended complaint because it was timely, and defendants feared garnering sanctions under Local Rule 7.6. The version of Local Rule 7.6 that was applicable when plaintiffs filed their motion for leave to file their first amended complaint does not provided for sanctions against counsel opposing an amendment to the complaint.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Remand filed by plaintiffs Donna Marie Webber, wife of/and Bernard Banks (Doc. #48) is **GRANTED,** and the matter is **REMANDED** to the Civil District Court, Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this __8th__ day of September, 2011.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**